UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MYORI GRANGER,

                Plaintiff,

    -against-

TYRONE A. BLACKBURN,

                Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24 CV 5329 (DG) (CLP)

**POLLAK**, United States Magistrate Judge:

    On June 18, 2024, plaintiff Myori Granger, proceeding *pro se*, commenced this action against defendant Tyrone A. Blackburn in the Southern District of New York. (ECF No. 1). The case was subsequently transferred to the Eastern District of New York. (See ECF No. 5). Currently pending before this Court is plaintiff's request to proceed *in forma pauperis*. (ECF No. 2). For the reasons set forth below, the Court respectfully recommends that a decision on plaintiff's request to proceed *in forma pauperis* be deferred pending a determination on the court's jurisdiction.

DISCUSSION

  A. <u>Factual Background</u>

    Plaintiff Granger brings this action against defendant Blackburn, an attorney and ex-fiancée of plaintiff's best friend, alleging harassment and defamation. She seeks monetary damages in the amount of $10,000 for "mental anguish," and she seeks to enjoin defendant from no longer mentioning plaintiff's name in "false, salacious allegations," and from having any contact with plaintiff. (Compl.[1] at 6). Plaintiff alleges that Blackburn, who she claims to have

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed in the S.D.N.Y. on June 18, 2024 (ECF No. 1).

1

never met in person, sent threatening and demeaning text messages to her, referring to her as a "bitch," and making a "death threat" against her, only to apologize after he learned that plaintiff was at the police station reporting him. (Id. at 8). Although plaintiff indicates that she had interactions with Blackburn in 2023, in connection with his representation of her in a work-related matter, she subsequently decided to terminate the representation when her friend broke up with Blackburn. (Id.)

B.  Federal Jurisdiction

Before considering whether plaintiff has satisfied the requirements necessary to proceed *in forma pauperis*, the Court must first determine if there is subject matter jurisdiction over plaintiff's claims.

Federal courts are of limited jurisdiction. See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-63 (2d Cir. 2009).

There are two ways in which a federal court can obtain subject matter jurisdiction over a given case: the first is if the cases raises a federal question ("federal question jurisdiction"), pursuant to 28 U.S.C. § 1331, and the second involves "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties," 28 U.S.C. § 1332(a). Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019). The plaintiff bears the burden of establishing that her case falls within one of these two types of subject matter jurisdiction. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Federal question jurisdiction authorizes federal courts to hear civil cases involving a violation of the Constitution, federal law, or a treaty to which the United States is a party. 28 U.S.C. § 1331. Plaintiffs seeking to assert a claim under federal question jurisdiction must set out in their pleadings a "well-pleaded" claim that raises an actual or threatened invasion of the plaintiff's constitutional right or a violation of federal law. See Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108, 113 (2d Cir. 2004) (finding that federal question jurisdiction exists where the "well-pleaded complaint necessarily depends on resolution of a substantial question of federal law").

In indicating the basis for federal court jurisdiction, plaintiff has checked both the Federal Question and the Diversity of Citizenship boxes on the Complaint form. (Compl. at 2). However, the claims of harassment and defamation are state law claims grounded in common law, and a review of the allegations in plaintiff's Complaint do not reveal any federal questions upon which federal question jurisdiction could be based. See 28 U.S.C. § 1331.

Plaintiff also alleges that the court has diversity jurisdiction over the case. Congress has given federal courts the power to exercise diversity jurisdiction over any civil claim for at least $75,000 arising between citizens of different states. 28 U.S.C. § 1332(a)(1). A federal court may only exercise jurisdiction if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship in that no plaintiff and defendant are domiciled in the same state. 28 U.S.C. § 1332.

Here, plaintiff does allege that she is a citizen of the State of New Jersey and defendant Blackburn is a citizen of the State of New York, thus establishing diversity of citizenship under 28 U.S.C. § 1332. (Compl. at 2-3). However, in order to proceed under Section 1332, the plaintiff must also allege an amount in controversy that exceeds $75,000. Here, plaintiff has

3

explicitly indicated in her Complaint that she is only seeking $10,000. (Id. at 6). Thus, she has failed to establish one of the necessary elements required to assert diversity jurisdiction of the federal court.

## CONCLUSION

Given that plaintiff has failed to allege one of the necessary elements to establish diversity jurisdiction under Section 1332, and her complaint fails to raise a claim arising under federal law, plaintiff's Complaint is subject to dismissal for lack of subject matter jurisdiction. If plaintiff believes that she has some other basis for invoking the jurisdiction of this Court, she is ORDERED to file a letter with the Court by **November 8, 2024**, setting forth the basis for subject matter jurisdiction. Failure to file a sufficient response will result in a recommendation that the action be dismissed. The Court respectfully recommends that a decision on plaintiff's request to proceed *in forma pauperis* be deferred pending a determination on the court's jurisdiction.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Court will send a copy of this Report and Recommendation to the *pro se* plaintiff by mail.

**SO ORDERED.**

Dated: October 18, 2024
　　　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Cheryl L. Pollak

_____<br>
Cheryl L. Pollak<br>
United States Magistrate Judge<br>
Eastern District of New York