UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MYORI GRANGER,

                Plaintiff,

      -against-

TYRONE A. BLACKBURN,

                Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24 CV 5329 (DG) (CLP)

**POLLAK**, United States Magistrate Judge:

      On June 18, 2024, plaintiff Myori Granger, proceeding *pro se*, commenced this action against defendant Tyrone A. Blackburn in the Southern District of New York. (ECF No. 1). The case was subsequently transferred to the Eastern District of New York. (See ECF No. 5). Currently pending before this Court is plaintiff's request to proceed *in forma pauperis*. (ECF No. 2). For the reasons set forth below, the Court respectfully recommends that the request to proceed *in forma pauperis* be denied without prejudice and the case be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

A. Procedural Background

      On June 18, 2024, the *pro se* plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2). On October 18, 2024, this Court filed a Report and Recommendation respectfully recommending that a decision on plaintiff's motion be deferred pending a determination on the Court's jurisdiction, given that it appeared that this Court lacked subject matter jurisdiction. (ECF No. 8). The Court gave plaintiff until November 8, 2024, to invoke

1

another basis for subject matter jurisdiction or else the undersigned would recommend that the action be dismissed. (Id.)

That same day, the Court sent the plaintiff a copy of its Report and Recommendation in the mail. On October 30, 2024, the mailing to plaintiff was returned as undeliverable. (ECF No. 9). On November 1, 2024, this Court issued a supplemental Report and Recommendation, which was substantively identical to the October 18, 2024 Report and Recommendation, except that the Court extended the deadline to November 15, 2024 to allow plaintiff an opportunity to provide a basis for this Court's subject matter jurisdiction, given that the Court's initial Report was never delivered to the plaintiff. (ECF No. 10). As of the date of this Report and Recommendation, the mail appears to have been successfully delivered but the plaintiff has not contacted the Court.

B. Analysis

Before considering whether plaintiff has satisfied the requirements necessary to proceed *in forma pauperis*, the Court must first determine if there is subject matter jurisdiction over plaintiff's claims. Federal courts are courts of limited jurisdiction. See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-63 (2d Cir. 2009).

As outlined in the previous Report and Recommendation, plaintiff has failed to allege a basis for subject matter jurisdiction. (ECF No. 10 at 4). First, plaintiff's allegations do not satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332. In order to invoke

2

diversity jurisdiction under Section 1332, the plaintiff must allege two things: 1) the amount in controversy exceeds the sum of $75,000; and 2) the parties must be completely diverse, meaning that no plaintiff and defendant can be domiciled in the same state. 28 U.S.C. § 1332. In this case, plaintiff does allege that she is a citizen of the State of New Jersey and defendant Blackburn is a citizen of the State of New York, thus establishing diversity of citizenship under 28 U.S.C. § 1332. (Compl.[1] at 2-3). However, in order to proceed under Section 1332, the plaintiff must also allege an amount in controversy that exceeds $75,000. Here, plaintiff has explicitly indicated in her Complaint that she is only seeking $10,000. (Id. at 6). Thus, she has failed to establish one of the necessary elements required to assert diversity jurisdiction of the federal court.

Similarly, plaintiff's Complaint fails to allege a federal question upon which this Court could exercise jurisdiction. Plaintiff's claims of harassment and defamation are state law claims grounded in common law, and a review of the allegations in plaintiff's Complaint do not reveal any federal questions upon which federal question jurisdiction could be based. See 28 U.S.C. § 1331.

Given that plaintiff has not provided the Court with any alternative basis for jurisdiction, the Court finds the Complaint does not meet the amount in controversy requirement to establish diversity jurisdiction under 28 U.S.C. § 1332, and fails to raise a claim arising under federal law. See 28 U.S.C. § 1331.

## CONCLUSION

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed in the S.D.N.Y. on June 18, 2024 (ECF No. 1).

For the reasons set forth above, the Court respectfully recommends that plaintiff's request to proceed *in forma pauperis* be denied without prejudice and that plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Court will send a copy of this Report and Recommendation to the *pro se* plaintiff by mail.

**SO ORDERED.**

Dated: November 25, 2024
Brooklyn, New York

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

4